# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IRMA S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 20-02418-DFM <br><br> MEMORANDUM OPINION AND ORDER |

## I.  INTRODUCTION

Irma S. ("Plaintiff") filed an application for Supplemental Security Income and Disability Insurance Benefits in February 2016, alleging disability beginning January 6, 2015. See Dkt. 16, Administrative Record ("AR") 228, 234.[1] After being denied by initial determination, Plaintiff received two hearings before an Administrative Law Judge ("ALJ") in July and October 2018. See AR 34-72.

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Additionally, all citations to the AR are to the record pagination. All other docket citations are to the CM/ECF pagination.

The ALJ issued an unfavorable decision on January 10, 2019. See AR 13-33. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. See AR 22. At step two, the ALJ determined that Plaintiff had the severe impairments of lumbar spine degenerative disc disease and a fractured sternum that has been stabilized by surgery. See id. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 24.

Before reaching step four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work with some additional limitations. See id. At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a jewelry salesperson. See AR 27. Accordingly, the ALJ denied benefits. See AR 28.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See id. at 1-5. This action followed. See Dkt. 1.

## II.   LEGAL STANDARD

A district court will set aside a denial of Social Security benefits "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

## III.   DISCUSSION

The parties dispute two main issues: (1) whether the ALJ erred in

discounting the opinion of Plaintiff's treating orthopedist; and (2) whether the ALJ erred in discounting Plaintiff's subjective symptom testimony. See Dkt. 23, Joint Submission ("JS") at 3.

### A.     Treating Physician's Opinion

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. § 416.927(c). A treating physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a nonexamining physician's. See Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014). Where a treating or examining physician's opinion is uncontradicted by another doctor, the ALJ may only reject it for "clear and convincing reasons." Carmickle v. Comm'r of SSA, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended)). However, where such an opinion is contradicted, the ALJ may reject it for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. (quoting Lester, 81 F.3d at 830). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other factors. See 20 C.F.R. § 416.927(c). The Court must consider the ALJ's decision in the context of "the entire record as a whole." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (2008) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). If the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Id. (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings."

Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)) (alteration in original).

Dr. Shane Pak began treating Plaintiff in October 2014. See AR 482-84. On three occasions in 2016 he opined that Plaintiff was "unable to work in any capacity." AR 487, 527, 551. He also completed medical source statements in September and October 2018. In September 2018, Dr. Pak listed as his clinical findings "arthrodesis" and "degeneration of lumbosacral intervertebral disc." AR 917. Dr. Pak stated that he saw Plaintiff monthly, for 10 to 20 minutes per visit. See id. He noted that Plaintiff presented with pain of five out of ten in her hips and legs, mostly on her left side. See id. He prescribed Plaintiff meloxicam and gabapentin, which causes side effects of "numbness in head, fatigue, dizziness." Id.

Dr. Pak estimated Plaintiff's functional limitations in a competitive work environment. AR 918. She could sit for only 15 minutes at a time before needing to get up, and she could stand for only 15 minutes at a time before needing to sit or walk around. See id. In an 8-hour workday, she could sit for a total of less than 2 hours, and she could stand or walk for a total of less than 2 hours too. See id. Dr. Pak opined that she needed to work in a job that allows her to shift positions at will, take a 4-minute walk every 15 minutes, and take ten different 10-minute breaks in an 8-hour day. See id. He noted that Plaintiff's symptoms of "muscle weakness," "chronic fatigue," "pain/paresthesias, numbness," and "adverse effects of medication" caused the need for breaks. See id. Dr. Pak opined that Plaintiff could rarely lift anything weighing less than 10 pounds, and never anything 10 pounds or more. See AR 919. On postural activities, Dr. Pak opined that Plaintiff could never twist, stoop, crouch, squat, or climb ladders, but she could climb stairs, albeit rarely. See id. He opined Plaintiff would be "off task" for "25% or more"

4

of a workday. Id. He thought that Plaintiff was capable of high stress work. See id. Dr. Pak also opined that Plaintiff would have good and bad days and would be absent from work more than four days per month. See AR 920.

In October 2018, Dr. Pak noted a prognosis of "cervical radiculopathy." AR 921. He noted Plaintiff's pain was now seven out of ten in both shoulders, with pain of eight or nine out of ten in both knees and ankles. See id. The rest of the October 2018 statement is consistent with the one he made the previous month, except now he stated that Plaintiff was incapable of even "low stress" work. See AR 921-21.

The ALJ gave Dr. Pak's opinions "little weight." AR 26. The ALJ found that Dr. Pak's opinions were inconsistent with Plaintiff's normal range of motion, her normal strength, and her doctor's assessment that she could return to work. See id.

The record does not support the ALJ's findings that Plaintiff had a normal range of motion and normal strength in her back. The ALJ cites an August 2017 treatment note as a basis for finding that Plaintiff had a "full range of motion," but that treatment note reflects a "[f]ull [range of motion] with pain." AR 962 (emphasis added). Similarly, other treatment notes cited by the ALJ reveal a decreased range of motion in Plaintiff's lower back due to pain. See AR 1001, 1011, 1020. Meanwhile, the ALJ ignored other records that reflected a decreased range of motion. See AR 639 (describing physical therapy plan to increase muscle strength and improve range of motion), 640 (same), 655 (noting decreased range of motion in lumbosacral spine), 850-51 (noting decreased range of motion in cervical and lumbosacral spine). Furthermore, although the ALJ states that normal range of motion and strength are inconsistent with Dr. Pak's opinion, she does not explain which portions of his opinion would be cast into doubt.

Nor does the record support the ALJ's finding that Plaintiff's doctor assessed that Plaintiff could return to work, which the ALJ also offered as a basis for discounting Plaintiff's testimony about her limitations. See AR 26. The ALJ did not accurately represent what Plaintiff's doctor said. In early 2015, Plaintiff's primary care doctor, Dr. Lina Dela Cruz, gave Plaintiff one month off from work and stated that any further extension would be based on a recommendation from an orthopedist. See AR 579. That is not an assessment that Plaintiff could return to work.

Accordingly, the ALJ did not provide specific and legitimate reasons supported by substantial evidence for discounting the opinion of Dr. Pak, Plaintiff's treating orthopedist. Remand is warranted on this claim of error.

**B.     Subjective Symptom Testimony**

At her second hearing, Plaintiff testified that she had to go through two surgeries, one to drain a cyst from her heart and one on her back. See AR 40-42. She testified that even after her back surgery, she remains in a lot of pain and has trouble sleeping. See AR 42-43. Her back pain started after a car accident 11 years ago. See AR 43. She testified that her shoulder was reconstructed after the accident, and that she has had increasing pain in the shoulder recently. See AR 45. She testified to limited range of motion in her neck. See AR 46. Plaintiff has constant pain in her hips, and during the hearing felt pain in her legs and knees. See AR 47. She also feels pain in her arms, shoulder, and heels. See id. She wakes up with pain of five out of ten which increases as the day goes on, ultimately reaching nine out of ten if she doesn't take any medication. See id. Activity makes her pain worse. See id.

Since the surgery, Plaintiff described having less motivation and energy. See AR 48. Plaintiff is unable to sit comfortably for more than 15 to 20 minutes at a time. See AR 50. She likewise cannot stand comfortably for more than 20 minutes at a time. See id. When she cannot stand any longer, she has

6

to walk. See id. Under Dr. Pak's recommendation, she cannot lift more than 15 pounds. See AR 51. Her medication makes her sleepy, tired, emotional, and puts her in a bad mood. See id. She described being unable to do the laundry without help. See AR 52. She also described being able to clean her cousin's house, a job which she can complete because she is able to stop and take breaks to sit, stretch, or even sleep as needed. See AR 54. She described needing two or three days to recover after cleaning her cousin's house. See id.

The ALJ must make two findings before finding the claimant's pain or symptom testimony not credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007))(internal quotation marks omitted). Second, if the claimant has produced that evidence, and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1014-15 (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (as amended)). If the ALJ's subjective symptom finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ discounted Plaintiff's testimony, finding that her "daily activities are not entirely consistent with her allegations of disabling symptoms." AR 26. The ALJ cited the fact that Plaintiff "cares for her young

children, she drives, does household chores, and she cooks." Id. She also cited the fact that she cleaned her cousin's house. See id. The ALJ noted her physician's refusal to continue to recommend that she not return to work in February 2015. See id. Finally, the ALJ cited the fact that Plaintiff decided to have an interpreter at the hearing, even though she completed a mental health examination without one. See id.

     The Ninth Circuit has specified "two grounds for using daily activities to form the basis of an adverse credibility determination": (1) whether they "contradict [the claimant's] other testimony"; and (2) whether the claimant's daily activities meet "the threshold for transferable work skills." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007). Here, Plaintiff's testimony and the other record evidence about her daily activities did not contradict her hearing testimony about her limitations. Plaintiff's testimony about cleaning her cousin's house makes clear that she does so only because she can work at her own pace and take frequent breaks while working, even sleeping if necessary. See AR 54. She also described needing 2 or 3 days to recover afterwards. See id. The ALJ also failed to demonstrate that Plaintiff's limited daily activities would be transferable to the workplace. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits," and "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (noting that "mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability").

     Finally, it is at best unclear why the ALJ mentioned in a paragraph about Plaintiff's daily activities her use of an interpreter at the hearing. Using

an interpreter could not be a basis for saying her daily activities contradict her other testimony. The ALJ might have supposed that Plaintiff was exaggerating her language difficulty and so she must also have been exaggerating her symptoms. But nothing in the record supports such a conclusion. And it would not be inappropriate or unusual for a non-native English speaker like Plaintiff to use an interpreter during a hearing, even if she had sufficient language skills that would enable her to participate in a mental health examination in English.

In sum, the ALJ did not offer specific, clear, and convincing reasons supported by substantial evidence to justify discounting Plaintiff's subjective symptom testimony. Remand is accordingly warranted on this issue.

### C.     Remand Is Warranted

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the district court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion). A remand is appropriate where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003). Here, the Court finds that remand is the appropriate remedy to allow the ALJ to reconsider the opinion of Plaintiff's treating orthopedist and Plaintiff's subjective symptom testimony. The ALJ may also conduct such other proceedings as are warranted.

## IV. CONCLUSION

The decision is the Social Security Commissioner is reversed and this case is remanded.

IT IS SO ORDERED.

Date: March 4, 2021

DOUGLAS F. McCORMICK
United States Magistrate Judge